```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
LEON CAMPBELL, pro se,                                       :
                                                             :
                                  Petitioner,                :
                                                             :         SUMMARY ORDER
                  -against-                                  :         14-CV-7446 (DLI)
                                                             :
UNITED STATES OF AMERICA,                                    :
                                                             :
                                  Respondent.                :
                                                             :
------------------------------------------------------------ X
```
**DORA L. IRIZARRY, United States District Judge:**

*Pro se* Petitioner, Leon Jerome Campbell ("Petitioner"), petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming: (1) a "speedy trial violation"; (2) an "Insanity Defense Reform Act of 1980 and 1984 violation"; (3) a "due process violation of law"; (4) "false imprisonment"; and (5) "judicial misconduct." (Petition at 3, Dkt. Entry No. 1.) Petitioner's request to proceed *in forma pauperis* (Dkt. Entry No. 2) is granted for purposes of this Order. For the reasons set forth below, the petition is denied.

## BACKGROUND

On September 5, 2013, a grand jury charged Petitioner with: (1) marijuana distribution conspiracy; (2) conspiracy to commit obstruction of justice murder; (3) murder-for-hire conspiracy; (4) solicitation of murder; and (5) use of firearms in connection with drug trafficking crimes and crimes of violence. (*See* Superseding Indictment, 13-CR-419, Dkt. Entry No. 17.) On April 4, 2014, this Court found by a preponderance of the evidence that Petitioner was not competent to withstand trial. (*See generally* Order of Apr. 4, 2014, 13-CR-419, Dkt. Entry No. 75.) Pursuant to 18 U.S.C. §§ 4241(b) and (d), and 4247(b) and (c), the Court ordered that Petitioner be committed to the custody of the Attorney General for a period of time not to exceed

four months and a psychiatric and psychological report be prepared. *Id.* As a result, Petitioner was committed to the Federal Medical Center in Butner, North Carolina ("FMC-Butner") to determine whether there was a substantial probability that he would attain competency to withstand trial.

Petitioner previously contested his pre-trial detention by filing a writ of habeas corpus in the United States District Court for the Eastern District of North Carolina, Western Division. On July 3, 2014, the Hon. Louise W. Flanagan, United States District Judge, dismissed the action without prejudice because of Petitioner's ongoing criminal proceedings. *See generally Campbell v. United States*, 14-HC-2128, (E.D.N.C. July 3, 2014).

On November 26, 2014, this Court received Petitioner's psychiatric report. (*See* Psychiatric Report, 13-CR-419, Dkt. Entry No. 119.) The psychiatric report revealed that Petitioner remained incompetent to stand trial and the Bureau of Prisons made recommendations to restore Petitioner's competence. *Id.* On that same day, Petitioner's counsel in the underlying criminal case requested a psychiatrist to be appointed to examine Petitioner's need for involuntary medication in order to restore his competence. (*See* Letter of Dec. 1, 2014, 13-CR-419, Dkt. Entry No. 120.) On December 10, 2014, the Court granted in part Petitioner's request and appointed Dr. Eric Goldsmith to perform a psychiatric evaluation of Petitioner. (*See* Order of Dec. 10, 2014, 13-CR-419, Dkt. Entry No. 125.) As of the date of this Order, Petitioner still is undergoing psychiatric evaluation by Dr. Goldsmith and currently is confined at the Metropolitan Detention Center in Kings County, New York. On December 17, 2014, Petitioner filed this writ of habeas corpus petition again challenging his pre-trial detention.

**DISCUSSION**

A writ of habeas corpus petition allows a petitioner to attack the legality of custody and seek immediate release from it if it is illegal. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973) ("It is clear … from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.") Under 18 U.S.C. § 2241, habeas corpus relief is not limited to post conviction relief, but extends also to challenges of civil commitment to mental institutions. *See, e.g., Santulli v. United States*, 2003 WL 21488084, at *2 (S.D.N.Y. June 25, 2003) (citing to *Copley v. Keohane*, 150 F.3d 827, 829 (8th Cir. 1998).

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

Title 18, section 4241 allows a federal court to order civil commitment of a defendant as long as it is in accord with procedures both limited in duration and reasonably related to the purpose for which a defendant is confined. *See* 18 U.S.C. § 4241. However, a federal detainee seeking to alter the conditions of his confinement must exhaust his administrative remedies prior to seeking court intervention pursuant to a § 2241 habeas petition. *See Brooks v. Terrell*, 2010 WL 9462575, at *3 (E.D.N.Y. Oct. 14, 2010) (citing *Carmona v. United States Bureau of*

*Prisons,* 243 F.3d 629, 634 (2d Cir. 2001) (finding that despite failing to exhaust his administrative remedies, a petitioner may bring a § 2241 habeas claim when circumstances beyond the prisoner's control preclude him from pursuing his remedies)). Additionally, as a general rule, "in the absence of exceptional circumstances in criminal cases[,] the regular judicial procedure should be followed and *habeas corpus should not be granted in advance of a trial*." *Jones v. Perkins*, 245 U.S. 390, 391 (1918) (emphasis added); *Carmona*, 243 F.3d at 632, 634

In this case, Petitioner has not exhausted his available remedies and has not alleged any exceptional circumstances sufficient to excuse his failure to exhaust. Furthermore, the Court satisfied the statutory requirements for civil commitment when it found by a preponderance of evidence that Petitioner was mentally incompetent to stand trial. Therefore, Petitioner's commitment under section 4241 does not violate his due process rights. *See United States v. Magassouba*, 544 F.3d 387, 404 (2d Cir. 2008) ("The statute plainly states that, if a district court finds by a preponderance of the evidence that a defendant is mentally incompetent to stand trial, 'the court *shall commit* the defendant to the custody of the Attorney General' . . . . [O]nce a defendant is found incompetent, commitment pursuant to § 4241(d) is mandatory.") (emphasis in original). Accordingly, even if Petitioner had exhausted his remedies, Petitioner still could not obtain relief from this Court under 28 U.S.C. § 2241 with regard to his civil commitment.

## CONCLUSION

For the foregoing reasons, Petitioner's writ of habeas corpus petition pursuant to 28 U.S.C. § 2241 is dismissed. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      April 7, 2015

_____/s/_____
DORA L. IRIZARRY
United States District Judge